```
          N THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF ALABAMA
                   NORTHERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CR-322-WKW |
| | ) | [WO] |
| VALNICA NICOLE GARNER | ) | |

# **ORDER**

Before the court is Defendant Valnica Nicole Garner's *pro se* motion for compassionate release (Doc. # 110), in which Ms. Garner seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Opposing the motion, the Government argues that Ms. Garner has not shown that she has exhausted her administrative rights. (Doc. # 112.) For the reasons that follow, the motion is due to be denied without prejudice.

Ms. Garner was sentenced to twelve months for a violation of supervised release. This sentence was ordered to be served consecutively to her thirty-eight-month sentence for bank fraud in case number 2:20-CR-136-WKW. Her combined sentence is 50 months. Ms. Garner's projected release date is July 29, 2023. *See* https://www.bop.gov/inmateloc/ (last visited June 29, 2022).

Ms. Garner requests compassionate release based upon her medical conditions. A defendant may move for compassionate release only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A) (alterations added).

Courts are not at liberty to excuse a statutory exhaustion requirement. *Ross v. Blake*, 578 U.S. 632, 639 (2016). This statute's exhaustion requirement is no exception. The Eleventh Circuit has held that § 3582(c)(1)(A) "is a claim-processing rule." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A claim-processing rule "requires that the parties take certain procedural steps at certain specified times," and the rule is "mandatory in the sense that a court must enforce the rule if a party properly raises it." *Id.* (cleaned up).

Here, the Government properly has invoked § 3582(c)(1)(A)'s exhaustion requirement. It has argued that Ms. Garner's failure to demonstrate that she has complied with § 3582(c)(1)(A) necessitates the denial of her motion. Because the Government has not forfeited its defense of failure to exhaust, § 3582(c)(1)(A) must be enforced. Ms. Garner's motion indicates that she has attached a "denial letter from the Warden at [her] institution" (Doc. # 110, at 1), but no such letter is attached. Because Ms. Garner has failed to provide evidence of satisfaction of either of the statutory procedural requirements for exhaustion, her motion is due to be denied without prejudice.

Based on the foregoing, it is ORDERED that Ms. Garner's *pro se* motion for compassionate release (Doc. # 110) is DENIED without prejudice with leave to refile, if necessary, after she has exhausted her administrative rights. If Ms. Garner refiles her motion, she should provide evidence of the date she filed the petition with the warden, and she should inform the court whether she has received a response to the request and, if possible, submit evidence of the response or lack thereof.

DONE this 1st day of July, 2022.

        /s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE