N THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 2:16-CR-322-WKW |
| ) | [WO] |
| VALNICA NICOLE GARNER ) | |

## **ORDER**

Before the court is Defendant Valnica Nicole Garner's *pro se* motion for compassionate release (Doc. # 114), in which Ms. Garner seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes the motion. (Doc. # 116.) For the reasons that follow, the motion is due to be denied.

Ms. Garner was sentenced to twelve months for a violation of supervised release. This sentence was ordered to be served consecutively to her thirty-eight-month sentence for bank fraud in case number 2:20-CR-136-WKW. Her combined sentence is fifty months. Ms. Garner's projected release date is August 25, 2023. *See* https://www.bop.gov/inmateloc/ (last visited Sept. 19, 2022).

Ms. Garner requests compassionate release based upon her medical conditions. "[C]ourts are generally forbidden from altering a sentence once it becomes final." *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert.*

---

[1] Ms. Garner also is known as Valencia N. Strong Garner. (Doc. # 114, at 2.)

*denied*, 142 S. Ct. 583 (2021). Exceptions to this general prohibition lie "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). One such statutory provision, which commonly is referred to as the "compassionate release" provision, is 18 U.S.C. § 3582(c)(1)(A). It offers courts a narrow reprieve to reduce a sentence. As pertinent here, on a defendant's motion, a court "may reduce the term of imprisonment" after considering all relevant factors in 18 U.S.C. § 3553(a) "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The policy statements, which are found in U.S.S.G. § 1B1.13, define "extraordinary and compelling reasons." That definition includes a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

    Based upon a review of the medical records (Doc. # 114-1), there is insufficient evidence demonstrating that Ms. Garner's medical conditions rise to the level of decline required by § 1B1.13. First, evidence is lacking that Ms. Garner's ability to provide self-care within her institution is substantially diminished. Second, Ms. Garner has not shown that the medical personnel at her designated federal correctional institution are unable to provide her adequate treatment for her medical care. *See United States v. Rodriguez-Campana*, No. 18-CR-60250, 2021 WL

602607, at *4–5 (S.D. Fla. Feb. 16, 2021) (denying motion for compassionate release for an inmate who suffered from hypertension, high cholesterol, prediabetes, and had a history of lung problems because he had failed to demonstrate that "any of his present ailments are terminal, that they substantially diminish his ability to provide self-care within the correctional facility, or that they are not being properly attended to by the BOP").

Having been hospitalized for COVID-19 in August 2021 (Doc. # 114-1), Ms. Garner understandably is concerned about the risks COVID-19 and its variants pose to her and the federal inmate population where she is incarcerated. Fortunately, on the COVID-19 front, FCI Hazelton currently has no active COVID-19 cases among its inmates and staff. *See* BOP COVID-19 Cases, available at https://www.bop.gov/coronavirus (last visited Sept. 19, 2022). On this record, Ms. Garner's medical conditions, measured against COVID-19 contraction risks, are insufficient to rise to the level of extraordinary and compelling reasons for a sentence reduction.

Accordingly, it is ORDERED that Defendant Valnica Nicole Garner's *pro se* motion for compassionate release (Doc. # 114) is DENIED.

DONE this 20th day of September, 2022.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE